UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:19-CR-012
)
JORDAN MARK PONDER )

## **MEMORANDUM AND ORDER**

The defendant has pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He will be sentenced on March 26, 2020.

The United States Probation Office has prepared and disclosed its Presentence Investigation Report ("PSR") [doc. 29], to which the defendant has filed four objections. [Doc. 32]. The United States has responded to those objections, and the probation office has issued its PSR Addendum. [Docs. 33, 40]. For the reasons that follow, the defendant's objections will be sustained in part and overruled in part.

I.

*Objections Three and Four*

By his third objection, the defendant contends that a pending state case has now been dismissed. By his fourth objection, he avers that he has a torn meniscus needing surgery.

The probation office has incorporated this information into the PSR Addendum. These issues are therefore moot.

II.

*Objection Two*

The defendant's second objection challenges paragraph 15 of the PSR, which applies a four-level increase to his offense level for possessing a firearm in connection with another felony offense. The United States has conceded the issue [doc. 33], as noted in the PSR Addendum. The defendant's second objection will therefore be sustained, and his total offense level is reduced from 23 to 19.

III.

*Objection One*

The defendant's remaining objection is to his base offense level. Paragraph 14 of the PSR sets that number at 20 pursuant to United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(4)(A), which applies if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or *a controlled substance offense*." U.S.S.G. § 2K2.1(a)(4)(A) (emphasis added). The "controlled substance offense" relied upon by the probation office is found at PSR paragraph 41 and is described as a 2015 felony conviction in Wise County, Virginia, for "Distribute Marijuana."

The defendant has submitted documentation showing that this Wise County conviction was in fact for possessing marijuana with the intent to distribute. [Doc. 32, ex. 1]. He argues that the Virginia crime of possession with intent to distribute no longer constitutes a "controlled substance offense" under the guidelines in light of the Sixth Circuit Court of Appeals' *en banc* decision in *United States v. Havis*, 927 F.3d 382 (6th Cir.

2

2019), and this Court's post-*Havis* ruling in *United States v. Forrester*, No. 2:18-CR-115, 2019 WL 2754127 (E.D. Tenn. July 1, 2019) (accepting the defense's essentially unopposed argument that *Havis* extends to violations of § 39-17-434(a)(4) of the Tennessee Code.).

The unanimous *Havis* Court held that the United States Sentencing Commission exceeded its authority by expanding—in an application note—the guidelines' definition of the term "controlled substance offense." *Havis*, 927 F.3d at 387 ("The Commission's use of commentary to add attempt crimes to the definition of 'controlled substance offense' deserves no deference. The text of § 4B1.2(b) controls, and it makes clear that attempt crimes do not qualify as controlled substance offenses.").[1]

In *Havis*, the PSR had raised the offense level based on what the Sixth Circuit termed a prior "Tennessee conviction for selling and/or delivering cocaine" in violation of Tenn. Code Ann. § 39-17-417(a)(2)-(3). *Havis*, 927 F.3d at 384. "Under Tennessee law, 'delivery' of drugs means "the actual, constructive, *or attempted* transfer from one person to another of a controlled substance." *Id.* (emphasis in original) (quoting Tenn. Code. Ann. § 39-17-402(6)). As noted, *Havis* held that "[t]he Guidelines' definition of 'controlled substance offense' does not include attempt crimes." *Havis*, 927 F.3d at 387. "Because the least culpable conduct covered by § 39-17-417 is attempted delivery of a controlled

---

[1] Guideline 4B1.2 is found in the chapter governing "criminal history and criminal livelihood." In material part, guideline 4B1.2(b) defines a "controlled substance offense"—for *career offender* purposes—as a prior state or federal felony conviction for "the possession of a controlled substance … with intent to … distribute …."). That chapter 4 definition also applies to guideline 2K2.1, the provision presently at issue. *See* U.S.S.G. § 2K2.1 cmt. n.1.

3

substance," the Sixth Circuit concluded that Havis's offense level should not have been increased on the basis of a prior "controlled substance offense." *Id.*

Less than a month later, this Court extended *Havis* to a defendant's challenged convictions under Tenn. Code Ann. § 39-17-434(a)(4) for possessing methamphetamine with the intent to manufacture, deliver, or sell. *Forrester*, 2019 WL 2754127, at *3-5. This Court did so in light of the then-current state of Sixth Circuit law, and due to the United States' "unsupported and undeveloped" opposition. *Id.* at *3.

Turning to the present case, the documentation provided by the defense shows that the relevant Virginia conviction was for possession with intent to distribute, in violation of section 18.2-248.1 of the Virginia Code. That statute makes it "unlawful for any person to sell, give, distribute or possess with the intent to sell, give or distribute marijuana." Va. Code Ann. § 18.2-248.1.

The defendant likens his situation to Forrester's because, as in Tennessee, the Virginia Code defines "distribute" as most forms of delivery, and "delivery" is in turn defined to include attempted transfers. *Id.* § 54.1-3401. However, post-*Havis* and post-*Forrester*, the Sixth Circuit has held that a Tennessee conviction for "[u]nlawful possession of a controlled substance with intent to sell, i.e., distribute, fits squarely within the guideline definition of a controlled substance offense." *United States v. Little*, No. 19-5064, 2019 U.S. App. LEXIS 31222, at *9 (6th Cir. Oct. 18, 2019); *see also* U.S.S.G. § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law … that prohibits the … possession of a controlled substance … with intent to … distribute ….").

4

Given the similarities between the relevant Tennessee and Virginia statutes, the Sixth Circuit's current position as articulated in *Little* guides the conclusion that the defendant's first objection to his PSR must be overruled.

VI.

*Conclusion*

As provided herein, the defendant's first objection to his PSR is **OVERRULED ON ITS MERITS**, his second objection is **SUSTAINED**, and his third and fourth objections are **OVERRULED AS MOOT**. [Doc. 32]. The defendant's total offense level is reduced from 23 to 19; his criminal history category remains VI; and his advisory guideline range is now 63 to 78 months.

Sentencing remains set for Thursday, March 26, 2020, at 10:15 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge